IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALLAN BUSTER JONES,           )
                              )
              Petitioner,     )
                              )
vs.                           )       Case No. 06-CV-447-TCK-SAJ
                              )
WALTER DINWIDDIE, Warden,     )
                              )
              Respondent.     )

## OPINION AND ORDER

By Order filed November 29, 2006 (Dkt. # 9), this matter was closed administratively as a result of Petitioner's failure to file a petition as required to commence a habeas corpus action.  The docket sheet reflects that this matter was initially opened and a case number assigned on August 30, 2006, when Petitioner, a state inmate appearing *pro se*, filed a pleading entitled "Notice of Intent to Appeal and (Filing of Habeas Corpus) Request for Court to Assume Jurisdiction; to Assign Case Number; and Request for Extension of Time to File Application Under 28 U.S.C. 2254 Habeas Corpus (Due to Ill Health of Petitioner)" (Dkt. # 1), and a motion for leave to proceed *in forma pauperis* (Dkt. # 2).  Petitioner also paid a $5.00 filing fee.  By Order filed September 1, 2006 (Dkt. # 6), the Court denied Petitioner's request for an extension of time to file his habeas corpus petition, explaining that the Court lacked authority to extend the limitations deadline imposed by 28 U.S.C. § 2244(d). Petitioner was directed to file his petition within the time remaining in his one-year limitations period.  See Dkt. # 6.

Despite the Court's ruling, Petitioner filed a second pleading entitled "motion for extension of time to file petition for writ/habeas corpus (28 U.S.C. 2254) and motion for district court to order

a tolling of filing time" (Dkt. # 7).  That motion was denied by Order filed October 24, 2006 (Dkt. # 8).  The Court explained that neither of the pleadings submitted by Petitioner satisfied the requirements imposed on habeas corpus petitions by the *Rules Governing Section 2254 Cases*.  Specifically, Rule 2(c) provides that "[t]he petition must (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242."  Rule 2(c), *Rules Governing Section 2254 Cases*.  The Court further explained that without a petition, this matter could not remain open indefinitely.  To avoid administrative closure of this case, Petitioner was given until November 24, 2006, to file a petition.  Petitioner was advised that in the event his one-year limitations period had already expired by the time he filed a petition, he would be afforded an opportunity to demonstrate entitlement to statutory or equitable tolling.  See Dkt. # 8.

On November 29, 2006, this matter was closed administratively after the deadline passed without the filing of a petition. See Dkt. # 9.  That same day, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 10).  As a result of the filing of a petition, the Court finds this matter shall be reopened.  However, for the reasons discussed below, it appears the petition was not filed before expiration of the one-year limitations period and is subject to dismissal.

### *PROCEDURAL HISTORY*

The record provided by Petitioner reflects that on March 30, 2004, Petitioner was sentenced following his convictions entered on his pleas of guilty to three (3) counts of Sexually Abusing a Minor Child in Tulsa County District Court, Case No. CF-2002-6109.  On April 12, 2004, Petitioner filed an application to withdraw his guilty pleas. After conducting hearings on the motion to

withdraw, the trial court denied the motion.  Petitioner perfected a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA").  By Order filed June 10, 2005, the OCCA denied *certiorari*. See Dkt. # 10, Ex. 5.  Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

The docket sheet for Tulsa County District Court, Case No. CF-2002-6109, viewed at www.oscn.net, reflects that on July 12, 2005, Petitioner filed a motion for suspension or modification of Judgment and Sentence after appeal.  See Dkt. # 10, Ex. 2. That motion was denied by Order filed July 13, 2005. On August 3, 2005, Petitioner filed a motion to vacate the order denying the request for suspension or modification.  The motion to vacate was denied by order filed August 8, 2005 (Dkt. # 10, Ex. 3).

As indicated above, the petition for writ of habeas corpus was received for filing on November 29, 2006.  Although the envelope enclosing the petition was post-marked November 28, 2006, see Dkt. # 11, Petitioner states in the Certificate of Mailing attached to the petition that the petition was mailed from Dick Conner Correctional Center on November 22, 2006.  See Dkt. # 10. If Petitioner were able to support his allegation that he gave his petition to prison officials for mailing on November 22, 2006, that would be the earliest date of filing for this petition.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (announcing the prisoner mailbox rule).

### *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on September 8, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See <u>Locke v. Saffle</u>, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on September 8, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after September 8, 2006, would be untimely. See <u>United States v. Hurst</u>, 322 F.3d 1256 (10th Cir. 2003) (applying

4

Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).  As stated above, the Clerk of Court received the petition for filing on November 29, 2006, or seventy-two (72) days beyond the deadline.  Even if the Court accepts November 22, 2006, as the date of filing, the petition is still sixty-five (65) days out of time. The Court emphasizes that this matter was not pending until the filing of the petition. Woodford v. Garceau, 538 U.S. 202, 210 (2003) (case is not "'pending' until an actual application for habeas corpus relief is filed in federal court").  Thus, it appears that the petition is untimely and is subject to dismissal.

Pursuant to § 2244(d)(2), the limitations period would be suspended or tolled if Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. Nothing in the record before the Court indicates that there was a "properly filed application for State post-conviction or other collateral review" pending in the state courts during the relevant one-year period. Although Petitioner filed a request pursuant to Okla. Stat. tit. 22, § 994, for suspension or modification of Judgment and Sentence, that request was filed before Petitioner's conviction became final and was not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period.  Cf. Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (determining that because a motion filed pursuant to Okla. Stat. tit. 22, § 982a, seeks discretionary review and its denial is not appealable, it cannot be construed as an application for post-conviction relief and does not toll the limitations period under § 2244(d)(2)). As a result, Petitioner is not entitled to statutory tolling of the limitations period for the period his motions requesting suspension or modification of Judgment and Sentence were pending in the state district court.

In his motions requesting extension of the limitations deadline, Petitioner alleges he is entitled to equitable tolling of the limitations period due to the existence of a heart condition.  See

Dkt. #s 1 and 7.  The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).  Although Petitioner has provided a "Discharge Summary" from Tulsa Regional Medical Center reflecting a date of admission of February 23, 2006, and a discharge date of March 1, 2006, see Dkt. # 7, the record provided to date does not convince the Court that between September 8, 2005, and September 8, 2006, Petitioner was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. See Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (habeas petitioner has burden of proof concerning equitable tolling and must demonstrate rare and exceptional circumstances warranting application of doctrine).  Accordingly, the petition appears to be untimely and is subject to dismissal.  However, Petitioner must be accorded notice of the limitations issue and given the opportunity to address the limitations issues discussed herein.  Therefore, Petitioner shall file a response within thirty (30) days of the entry of this Order demonstrating why this matter should not be dismissed as time-barred.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

(1)    This matter is **reopened**.

(2)    Within thirty (30) days of the entry of this Order, or by January 19, 2007, Petitioner shall file a response demonstrating why the petition should not be dismissed as time-barred.

6

(3)     Should Petitioner fail to file a response by the above-referenced deadline, the petition shall

be dismissed with prejudice as barred by the statute of limitations.

DATED THIS 20th day of December, 2006.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

7